**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Norah Van Dusen**, OSB No. 180114
Email: norah@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **S.Q.**, <br><br>         Plaintiff, <br><br>   vs. <br><br> **EMILY ECHTENKAMP, LOREN CALKINS, JUAN CHAVEZ, THERON SEGAR, KEVIN MILLS, and ANTONIO VARGAS,** <br><br>         Defendants. | Case No.  3:24-cv-448 <br><br> **COMPLAINT** <br> **Civil Rights Violation** <br> **Cruel and Unusual Punishment** <br> **(42 U.S.C. § 1983)** <br><br> **Oregon Tort Claims Act** <br> **(Or. Rev. Stat. § 30.260** *et seq*) <br> **Professional Negligence** <br><br> **Jury Trial Demanded** |

Plaintiff S.Q., by and through his attorneys, hereby alleges:

**NATURE OF ACTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Or. Rev. Stat. § 30.260 by S.Q.. S.Q. was a juvenile who was convicted in adult court in Marion County when he was 17 years old. He was sentenced to a term of incarceration in the physical custody of

COMPLAINT - 1
(Case No. 3:24-cv-448)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

the Oregon Youth Authority ("OYA") with an opportunity to be released after serving half his sentence depending on his progress in treatment at the OYA. The OYA placed him at the MacLaren Youth Correctional Facility in Woodburn, Oregon ("MacLaren"). As soon as S.Q. arrived at MacLaren, Defendant Emily Echtenkamp began grooming him for a sexual relationship. Echtenkamp was assigned as S.Q.'a substance abuse counselor. Echtenkamp began her sexual relationship with S.Q. within a year of his arrival at MacLaren. Her unlawful sexual relationship with S.Q. was known to Defendants Juan Chavez, Theron Segar, Kevin Mills, and Antonio Vargas. Those defendants did not take any appropriate steps to report this custodial sexual misconduct and protect S.Q.. Defendant Loren Calkins was Echtenkamp's immediate supervisor. Calkins failed to take reasonable care in his supervision of Echtenkamp, allowing the custodial sexual misconduct to occur.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331 and 1343 because the causes of action arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

3.  Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## TORT CLAIM NOTICE

4.  Notice of this claim to the Department of Administrative Services was provided on or about November 1, 2022.

COMPLAINT - 2
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**PARTIES**

5. S.Q. is a resident of the state of Oregon and was at all relevant times. He is proceeding under his initials.

6. At all relevant times, Emily Echtenkamp was employed as a licensed clinical social worker by the Oregon Youth Authority, acting under color of state law. She is sued in her individual capacity.

7. At all relevant times, Loren Calkins was employed as a licensed clinical social worker and treatment services supervisor by the Oregon Youth Authority, acting under color of state law. He is sued in his individual capacity.

8. At all relevant times, Juan Chavez was employed as a group life coordinator by the Oregon Youth Authority, acting under color state law. He is sued in his individual capacity.

9. At all relevant times, Theron Segar was employed as a group life coordinator by the Oregon Youth Authority, acting under color of state law. He is sued in his individual capacity.

10. At all relevant times, Kevin Mills was employed as a group life coordinator by the Oregon Youth Authority, acting under color of state law. He is sued in his individual capacity.

11. At all relevant times, Antonio Vargas was employed as a unit coordinator by the Oregon Youth Authority, acting under color of state law. He is sued in his individual capacity.

**GENERAL ALLEGATIONS**

12. When Plaintiff was 16 years old, he committed two crimes which the Marion County District Attorney decided to prosecute in adult court.

13. Plaintiff accepted a plea offer that resulted in a sentence of 72 months imprisonment in the legal custody of the Oregon Department of Corrections.

COMPLAINT - 3
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

14. By rule and by agreement of the parties to the criminal case, Plaintiff would be eligible for release from custody after serving 36 months depending on his progress in treatment at the OYA.

15. Plaintiff was placed in the physical custody of the OYA at MacLaren on July 11, 2019.

16. Plaintiff was 17 years old when he was first incarcerated at MacLaren.

17. Soon after his arrival at MacLaren, Echtenkamp began targeting him for a sexual relationship.

18. Echtenkamp had a history of sexually abusing other youth incarcerated at MacLaren.

19. As the QMHP assigned to Plaintiff, Echtenkamp had access to Plaintiff's complete file, including his past psychological evaluations. Those evaluations discussed Plaintiff's history of being a victim of childhood sexual abuse, among other traumas.

20. Echtenkamp targeted Plaintiff in part because she knew based on her review of his file that he had already been a victim of childhood sexual abuse.

21. Echtenkamp began grooming Plaintiff for a sexual relationship soon after his arrival at MacLaren.

22. Echtenkamp's direct supervisor, Defendant Calkins, knew or should have known of Echtenkamp's history of inappropriate sexual relationships with other youth at MacLaren.

23. Given the vulnerability of the population they were serving and the history of youth being targeted for sexual assault at MacLaren, a supervisor exercising a reasonable amount of care would have immediately noticed and recognized Echtenkamp's behavior toward Plaintiff as grooming.

COMPLAINT - 4
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

24. Once Echtenkamp began her coercive sexual relationship with Plaintiff, she took very few precautions to shield her behavior from other staff at MacLaren.

25. Echtenkamp would arrive early for work in order to meet up with Plaintiff, who worked in the kitchen in the morning. The only other staff member who was present during these early morning sexual encounters was Defendant Kevin Mills.

26. Mills would turn his chair away from the area Echtenkamp and Plaintiff were in order to not see what they were doing. Mills knew that Echtenkamp was engaged in a coercive sexual relationship with Plaintiff.

27. Mills was obligated under federal law, state law, and OYA rules and regulations to immediately report what he knew to his superiors. Mills never made the required report.

28. Mills helped to facilitate Echtenkamp's coercive sexual relationship with Plaintiff.

29. Echtenkamp was having a sexual relationship with Defendant Juan Chavez during the same time period she was having her coercive sexual relationship with Plaintiff. Chavez was Plaintiff's "case coordinator."

30. Chavez discovered Echtenkamp's coercive sexual relationship with Plaintiff at some point before it ended.

31. Chavez was obligated under federal law, state law, and OYA rules and regulations to immediately report what he knew to his superiors. Chavez never made the required report.

32. Instead of reporting the abuse, Chavez retaliated against Plaintiff by refusing to assist with Plaintiff's second look hearing.

33. Defendant Antonio Vargas was Plaintiff's unit coordinator and a member of his treatment team.

COMPLAINT - 5
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

34. At some point after Echtenkamp began her coercive sexual relationship with Plaintiff, Vargas became aware of it.

35. Vargas was obligated under federal law, state law, and OYA rules and regulations to immediately report what he knew to his superiors. Vargas never made the required report.

36. Between summer, 2021 and April 4, 2022, Echtenkamp had coercive sexual encounters with Plaintiff on at least 20 occasions.

37. The coercive sexual encounters included vaginal sexual intercourse, oral sex (mouth to penis), and manual sexual stimulation (hand to penis).

38. Under the terms of his criminal conviction, Plaintiff would become eligible for release on a second look in May 2022.

39. On or about April 4, 2022, Echtenkamp was caught having sex with Plaintiff at MacLaren.

40. Rather than admit that she was having a coercive sexual relationship with Plaintiff when she was caught, Echtenkamp claimed that Plaintiff raped *her*.

41. Echtenkamp's accusation threatened Plaintiff not only with prosecution for the new crime of rape, but also threatened his ability to be released pursuant to his second look.

42. Plaintiff asked all those staff members, including Defendants Chavez and Vargas, who knew that Echtenkamp's accusation was false to come forward and report what had actually been going on.

43. Defendants Chavez and Vargas still refused to report what they were legally and ethically required to report.

44. The Oregon State Police ("OSP") investigated Echtenkamp's accusation.

COMPLAINT - 6
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

45. OSP detectives obtained surveillance video of the encounter which conclusively established that Echtenkamp was lying.

46. Echtenkamp was subsequently criminally prosecuted in Marion County for custodial sexual misconduct of Plaintiff and initiating a false report against Plaintiff.

## DISCOVERY OF THE HARM

47. Echtenkamp engaged in a pattern of conduct with Plaintiff known as "grooming" where she gained the trust of Plaintiff and led Plaintiff to believe that their relationship was mutual and non-coercive.

48. Grooming is a common tactic engaged in by child sex offenders.

49. Echtenkamp's grooming of Plaintiff began when he first arrived at MacLaren when he was 17 years old. It included:

   a. Showing Plaintiff favoritism and special treatment;

   b. Building trust with Plaintiff's mother;

   c. Reviewing Plaintiff's confidential mental health records to discovery Plaintiff's issues of childhood trauma and then manipulating those traumas to connect with Plaintiff;

   d. Finding excuses to spend time alone with Plaintiff;

   e. Isolating Plaintiff from other trusted adults;

   f. Requesting Plaintiff keep secrets from other trusted adults;

   g. Eroding physical boundaries with Plaintiff;

   h. Giving gifts to Plaintiff in violation of OYA rules and regulations;

   i. Giving gifts to Plaintiff's mother in violation of OYA rules and regulations;

COMPLAINT - 7
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

    j.    Manipulating her position as Plaintiff's counselor to emotionally identify with Plaintiff.

50.    As a result of Echtenkamp's grooming of Plaintiff, Plaintiff was not immediately aware of the coercive nature of their sexual relationship and therefore could not perceive the harm caused by Echtenkamp's conduct.

51.    Plaintiff first became aware of the coercive nature of his relationship with Echtenkamp when he was being interviewed by a Deputy District Attorney on November 14, 2023.

## FIRST CLAIM FOR RELIEF
### (Cruel and Unusual Punishment – Violation of the Eighth Amendment)
### (Against Defendants Echtenkamp, Chavez, Mills, Segar, and Vargas)

52.    Defendant Echtenkamp was a staff member of a youth correctional facility.

53.    All Defendants were acting under color of state law.

54.    Defendant Echtenkamp touched Plaintiff in a sexual manner without legitimate penological justification.

55.    Defendant Echtenkamp acted for her own sexual gratification.

56.    Defendants Chavez, Mills, Segar, and Vargas knew that Defendant Echtenkamp was repeatedly engaging in sexual acts with Plaintiff.

57.    No Defendant took reasonable, appropriate, and legally mandated steps to stop the sexual abuse from occurring.

58.    Defendants Chavez, Mills, Segar, and Vargas, in failing to act to protect Plaintiff, acted with deliberate indifference to the right of Plaintiff to be free from coerced sexual contact from Defendant Echtenkamp.

COMPLAINT - 8
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

## SECOND CLAIM FOR RELIEF
### (Professional Negligence under Oregon Tort Claims Act)
### (Against Defendants Echtenkamp and Calkins)

59. Defendant Echtenkamp was acting with the course and scope of her employment by the Oregon Youth Authority when she was engaged in all conduct alleged above.

60. Defendant Echtenkamp's conduct fell below the standard of care of a reasonable and prudent mental health counselor acting under the same or similar circumstances in the same or similar community as follows:

   a. In violating the boundaries of a counselor/mental health therapist/patient relationship between Plaintiff and Echtenkamp in the following particulars:

      i. In violating the boundaries and allowing her personal involvement with Plaintiff to supersede her professional judgment, specifically engaging in a non-professional relationship with Plaintiff.

      ii. In failing to coordinate an appropriate transition for Plaintiff to another mental health counselor when she knew, or had reason to know, that her counseling of Plaintiff would be useless and would cause personal and emotional injury.

   b. In failing to seek counselling for her own personal problems that impaired her ability to provide professional care to Plaintiff when she knew, or in the exercise of reasonable care, should have known, that her own personal problems were interfering with her clinical judgment and causing Plaintiff injury.

   c. By failing to provide Plaintiff with the professional treatment that he needed.

COMPLAINT - 9
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

  d. In having sexual intercourse with Plaintiff when she knew, or should have known, that Plaintiff was an emotionally and mentally vulnerable person and such conduct would cause Plaintiff mental and emotional injury.

  e. In falsely accusing Plaintiff of rape to avoid professional or criminal consequences to herself when she knew the severe harm that this false accusation could and would cause to Plaintiff.

61. Defendant Calkin's conduct fell below the standard of care of a reasonable and prudent person acting under the same or similar circumstances in the same or similar community as follows:

  a. In failing to adequately supervise Echtenkamp when he knew, or should have known, Echtenkamp was engaging in inappropriate sexual behavior with emotionally and mentally vulnerable patients.

  b. In failing to provide a safe environment, free from sexually deviant behavior, for his emotionally and mentally vulnerable patients, such as Plaintiff.

  c. In failing to provide a safe environment, free of sexual advances by the counselors he supervised such as Echtenkamp, when he knew or should have known Echtenkamp was engaging in inappropriate sexual advances with her patients.

  d. In allowing Echtenkamp to meet with emotionally and mentally vulnerable patients, such as Plaintiff, alone in her office with a closed door when he knew or should have known that Echtenkamp was attempting to manipulate her patients into having sexual intercourse with her.

COMPLAINT - 10
(Case No. 3:24-cv-448)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

e.  In failing to protect emotionally and mentally vulnerable patients, such as Plaintiff, when he knew or should have known that Echtenkamp was engaging in deviant sexual behavior with those patients.

## DAMAGES

As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered economic and noneconomic damages, including:

a.  Mental and emotional injury;

b.  Lost opportunity to engage in mental health therapy to which he was entitled;

c.  Compensation for Plaintiff's loss of his civil right to be free from sexual contact by staff members while he was a prisoner of a youth correctional facility;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court will enter a Judgment in his favor, and against Defendants, as follows:

A.  Grant Plaintiff compensatory damages against Defendants in an amount to be determined at trial;

B.  Award Plaintiff reasonable costs, expenses, and attorney's fees;

C.  Grant Plaintiff such further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

COMPLAINT - 11
(Case No. 3:24-cv-448)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**DATED** this 11th day of March, 2024.

                                            By:   <u>s/ Jesse Merrithew</u>
                                                      **Jesse Merrithew**, OSB No. 074564
                                                      **Norah Van Dusen**, OSB No. 180114
                                                      Attorneys for S.Q.

COMPLAINT - 12
(Case No. 3:24-cv-448)

**Levi Merrithew Horst PC**
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092